# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2178

_____

| | | |
|---|---|---|
| Kenneth G. Schladweiler, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | Tax Court. |
| v. | * | |
| | * | **[UNPUBLISHED]** |
| Commissioner of Internal Revenue, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  January 30, 2002
Filed:  February 4, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Kenneth Schladweiler, the sole proprietor of a truck/hauling business, appeals from the tax court's[1] adverse judgment, following a trial, in his action contesting the assessment of deficiencies and penalties in his federal income taxes for tax years 1992, 1993, and 1994.  We agree with the tax court that Schladweiler did not carry his burden of proving that the IRS's deficiency assessments were arbitrary or erroneous with regard to any issue.  See Page v. Commissioner, 58 F.3d 1342, 1347 (8th Cir. 1995) (taxpayer's burden).  The record shows that Schladweiler received

_____

[1]The HONORABLE L. PAIGE MARVEL, United States Tax Court Judge.

credit for every business expense he properly documented, and Schladweiler provided no evidence refuting the calculation of additional unreported gross income for 1993. The tax court also correctly determined that the IRS was entitled to assess accuracy-related penalties, based on Schladweiler's negligent failure to keep adequate records. See 26 U.S.C. § 6662(b), (c) (negligence includes failure to make reasonable attempt to comply with code); 26 C.F.R. § 1.6662-3 (negligence includes taxpayer's failure to keep adequate books or records).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.